

**CLAUSEN MILLER P.C.**
CHICAGO, IL
FLORHAM PARK, NJ
IRVINE, CA
MICHIGAN CITY, IN
NEW YORK, NY

**CLAUSEN MILLER LLP**
LONDON, ENGLAND

**CMI CLAUSEN MILLER INTERNATIONAL**
Clausen Miller LLP, LONDON
Clausen Miller P.C.
Grenier Avocats, PARIS
Studio Legale Corapi, ROME
van Cutsem-Wittamer-Marnef & Partners, BRUSSELS
Wilhelm Partnerschaft von Rechtsanwälten mbB, DÜSSELDORF

Attorneys at Law   28 Liberty Street, 39th Floor • New York, NY 10005 • www.clausen.com
Tel: 212.805.3900 • Fax: 212.805.3939

**Eric T. Krejci, Esq.**
**Direct Line:** (212) 805-3913
**E-Mail:** ekrejci@clausen.com

February 8, 2018

**VIA ECF**
Honorable Judge Debra C. Freeman
Chief U.S. Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

   *RE:*  *Gibson et. al. v. SCE Group, Inc. et. al.v. The Creative Complex, Inc. et. al.*
       Case No.:  15-CV-08168-ER
       Our File No.: 26-3858-00-3

Dear Judge Freeman:

  As you know, this firm represents Defendants SCE Group, Inc. d/b/a Sin City Cabaret, 21 Group, Inc. d/b/a Show Palace Gentlemen's Club and Lambros Moumouris (collectively, "Defendants") in this action. At the Court's request, we are writing to provide a brief response to the January 31, 2018 letter filed by Plaintiffs' counsel [Doc No. 61], which requested a pre-motion conference concerning Defendants' objections to producing certain communications that were exchanged pursuant to a written Joint Defense/Common Interest Agreement.

  Each of the communications responsive to Plaintiffs' Second Request for Documents that were withheld from production were exchanged between counsel for Defendants in this action and counsel for the defendants in other, similar lawsuits filed by the Casas Law Firm. The allegations that the Casas Law Firm asserts in those other lawsuits are virtually identical to the allegations made in this lawsuit. All of the withheld communications are protected from disclosure, in part, pursuant to the work product doctrine, as they involve the mental processes of attorneys engaged in litigation and were prepared in anticipation of and preparation for litigation and/or trial. Plaintiffs' argument that Defendants waived any privileges by communicating with defense counsel in other, similar actions is without merit.

  Prior to engaging in any of the communications listed in Defendants' privilege log, counsel for the Defendants in this action and counsel for the defendants in the other actions



Honorable Judge Debra C. Freeman
February 8, 2018
Page **2** of **3**

entered into a Joint Defense/Common Interest Agreement ("JDCIA"). The JDCIA memorializes a common legal interest and establishes that communications between those defendants and/or attorneys for those defendants would be privileged, would not be disclosed to third-parties and were being made pursuant to the common interest doctrine and/or joint defense privilege. If the Court deems it necessary, a copy of that agreement and/or any of the withheld communications can be produced to the Court for an in camera inspection.

The attorneys for the parties in this lawsuit conferred in good faith on numerous dates regarding Defendants' basis for withholding these documents. In response to Plaintiffs' request, Defendants sent an e-mail to Plaintiffs' counsel on October 23, 2017 attaching three reported decisions that support Defendants' positions regarding the application of the common interest/joint defense doctrine to these communications, in the context of the attorney work product and attorney-client privileges. *See, Thai-Lao Lignite (Thail.) Co. v. Gov't of the Lao People's Democratic Republic*, 945 F. Supp.2d 431 (S.D.N.Y. 2013); *Coachmen Indus., Inc. v. Kemlite,* 2007 U.S. Dist. LEXIS 82196, 2007 WL 3256654 (N.D.Ind. 2007); *In re Visa Check/Master Money Antitrust Litig.*, 190 F.R.D. 309 (E.D.N.Y. 2000).

It is well settled that the work product privilege is not waived by disclosure to a third party unless that disclosure materially increases the likelihood of disclosure to an adversary. *Thai-Lao Lignite* at 437; *In re Visa* at 313. Defendants' counsel communicating with counsel for defendants in virtually identical lawsuits filed by the Casas Firm, which involve common Plaintiffs, would not materially increase the likelihood of Plaintiffs' counsel obtaining those communications, especially in light of the fact that all such communications were made pursuant to the terms of a JDCIA.

The work product privilege also has not been waived with regard to those communications because all the parties to those communications share a common interest and all factors of the common interest doctrine and/or joint defense privilege have been satisfied. *See, Coachmen* at 10-14. Allowing Plaintiffs to obtain communications between defense counsel regarding the defense of these lawsuits would run contrary to the purpose of the work product doctrine, which "exists to prevent one party from gaining an unfair advantage over another party by learning the strategies and legal theories of the other party." *Id.*

Plaintiffs' argument that the privileges asserted by the Defendants in this case have been waived because a few attorneys representing members of the JDCIA now represent different parties that are adverse to a member of the JDCIA is wrong. None of the members of the JDCIA are alleging a waiver or are seeking the disclosure or use of the withheld communications. Thus, all of those communications remain privileged.

Even if a waiver did occur between certain members of the JDCIA, which we dispute, it "does not mean, however, that the rest of the world suddenly becomes entitled to privileged information just because the internal structure of the joint defense unit has been changed." *See, Securities Investor Protection Corp. v. Stratton Oakmont, Inc.*, 213 B.R 433, 438 (S.D.N.Y.).

444655.1



Honorable Judge Debra C. Freeman
February 8, 2018
Page **3** of **3**

Courts have refused to find a waiver of the common interest / joint defense privilege when a third-party is seeking the production of privileged joint defense communications. *Id.* The *Stratton Oakmont* case cited by Plaintiffs establishes that a third-party to a joint defense agreement cannot obtain privileged documents that are subject to that joint defense agreement, even if members of that joint defense agreement become adverse to each other. *Id.* at 437-439. Allowing Plaintiffs – third parties to the JDCIA – to take advantage of a potential waiver between parties to that JDCIA "would render the privilege meaningless." *Id.*

Furthermore, "a waiver by one party to a joint defense agreement does not waive any other party's privilege over the same communications." *Id.* at n. 3. To the extent certain counsel for members of the JDCIA waived the joint defense privilege by becoming adverse to other counsel participating in the JDCIA, those actions do not waive the privilege asserted by the Defendants in this lawsuit.

We thank the Court for its attention to this matter and are available at the Court's convenience for pre-motion conference concerning this issue.

                                                Respectfully Submitted,

Eric T. Krejci (ETK3172)
Clausen Miller PC
28 Liberty Street, 39th Floor
New York, New York 10005
Phone (212) 805-3900
Fax (212) 805-3939
ekrejci@clausen.com
Attorneys for Defendants

cc:

**THE CASAS LAW FIRM, P.C.**
John V. Golaszewski, Esq.
1745 Broadway, 17th Floor
New York, New York 10019
T: 855.267.4457
F: 855.220.9626
*Attorneys for Plaintiffs*

444655.1