**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

CIELO JEAN GIBSON, et. al.,

                            Plaintiffs,

            – against –

SCE GROUP, INC., d/b/a SIN CITY CABARET, et. al.,

                            Defendants.

**OPINION AND ORDER**

15 Civ. 8168 (ER)

Ramos, D.J.:

        Plaintiffs, twenty models and a model's sister, brought this action against two clubs, which feature partially nude dancers, because those clubs used Plaintiffs' pictures without their consent in advertisements for the clubs. Plaintiffs asserted claims for false endorsement under the Lanham Act, civil rights violation sunder New York State law, deceptive trade practices, defamation, negligence and respondent superior, conversion, unjust enrichment, and quantum meruit. Doc. 1, 27–35. The parties cross-moved for summary judgment. Docs. 95, 99. In an Opinion and Order issued July 17, 2019 (the "July 2019 Order"),[1] the Court granted Defendants' motion for summary judgment on all but one model's claim for compensatory damages for the unauthorized use of one picture under New York Civil Rights Law §§ 50–51, and denied Plaintiffs' motion except as to that one claim.

        Plaintiffs now move for partial reconsideration of the July 2019 Order. For the reasons set forth below, Plaintiffs' motion is DENIED.

---

[1] The facts and procedural history of this case are discussed in the underlying July 2019 Order, familiarity with which is presumed. *See Gibson v. SCE Grp., Inc.*, 391 F. Supp. 3d 228 (S.D.N.Y. 2019).

## I. LEGAL STANDARD

Plaintiffs move for reconsideration under Local Rule 6.3 and Federal Rules of Civil Procedure 60(b)(1), 60(b)(2), and 60(b)(6).

Rule 6.3 of the Local Civil Rules for this District provides for reconsideration of a court's order on a motion only where the court has overlooked controlling decisions of law or factual matters that were "put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court." *Mikol v. Barnhart*, 554 F. Supp. 2d 498, 500 (S.D.N.Y. 2008) (quoting *Greenwald v. Orb Commc'ns & Mktg., Inc.*, No. 00 Civ. 1939 (LTS), 2003 WL 660844, at *1 (S.D.N.Y. Feb. 27, 2003)); see also S.D.N.Y. Local Civ. R. 6.3. Under such circumstances, a motion for reconsideration may be granted "to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks and citation omitted). "Reconsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Parrish v. Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) (quoting *In re Health Mgmt. Sys. Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). Local Rule 6.3 is "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *Mikol*, 554 F. Supp. 2d at 500 (internal quotation marks omitted) (quoting *Dellefave v. Access Temps., Inc.*, No. 99 Civ. 6098 (RWS), 2001 WL 286771, at *1 (S.D.N.Y. Mar. 22, 2001)). "Where the movant fails to show that any controlling authority or facts have actually been overlooked, and merely offers substantially the same arguments he offered on the original motion or attempts to advance new facts, the motion for reconsideration must be denied." *Id.* (citing *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

Similarly, the Second Circuit has instructed that Rule 60(b) provides "extraordinary judicial relief" and can be granted "only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir.1986). In pertinent part, Federal Rule of Civil Procedure 60(b) provides for reconsideration of an order if there has been "mistake, inadvertence, surprise, or excusable neglect," *see* Fed. R. Civ. P. 60(b)(1); "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)," *id.* 60(b)(2); and "any other reason that justifies relief," *id.* 60(b)(6). "Though Rule 60(b)(1) may provide relief from judicial mistake, it should not provide a movant an additional opportunity to make arguments or attempt to win a point already carefully analyzed and justifiably disposed." *Serrano v. Smith*, No. 05 Civ. 1849 (KTD), 2009 WL 1390868, at *2 (S.D.N.Y. May 13, 2009) (internal quotation marks and citations omitted). The standards for Rule 60(b)(2) are equally stringent. *See United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 392 (2d Cir. 2001) ("[T]he movant must demonstrate that (1) the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceeding, (2) the movant must have been justifiably ignorant of them despite due diligence, (3) the evidence must be admissible and of such importance that it probably would have changed the outcome, and (4) the evidence must not be merely cumulative or impeaching.") (internal quotation marks and citations omitted). Finally, "Rule 60(b)(6) 'confers broad discretion on the trial court to grant relief when appropriate to accomplish justice.'" *United Airlines, Inc. v. Brien*, 588 F.3d 158, 176 (2d Cir.2009) (quoting *Matarese v. LeFevre*, 801 F.2d 98, 106 (2d Cir.1986)). "Relief is warranted 'where there are extraordinary circumstances, or where the judgment may work an extreme and undue hardship, and should be liberally construed when substantial justice will thus be served.'" *Id.* (quoting *Matarese*, 801 F.2d at 106).

Whether to grant or deny a motion for reconsideration is "within 'the sound discretion of the district court.'" *Premium Sports Inc. v. Connell*, No. 10 Civ. 3753 (KBF), 2012 WL 2878085, at *1 (S.D.N.Y. Jul. 11, 2012) (quoting *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)). Under the strict standard applied by courts in this Circuit, "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257.

## II. DISCUSSION

Plaintiffs move for reconsideration of the Court's July 2019 Order granting summary judgment in favor of Defendants on each claim under the Lanham Act, 25 U.S.C. § 1125(a)(1)(A). Plaintiffs make two arguments. First, that the Court should reconsider its decision in light of the August 5, 2019 jury verdict in *Canas v. Flash Dancers, Inc.*, 16 Civ. 00393 (TJC) (JRK), a case out of the U.S. District Court for the Middle District of Florida. They argue that this Court failed to make findings as to whether a reasonable jury could find that the advertisements at issue were likely to cause consumer confusion, and that the *Canas* verdict suggests that a reasonable jury could, indeed, make such a finding. Second, they argue that the Court should reconsider "its evaluation of both the strength of the mark and actual confusion elements of the [consumer confusion] inquiry." Doc. 127 at 2.

As an initial matter, Plaintiffs' motion for reconsideration is untimely. Local Rule 6.3 provides that motions for reconsideration must be brought within fourteen days of the Court's determination of a motion. S.D.N.Y. Local Civ. R. 6.3. Plaintiffs' motion was not made within that timeframe. Plaintiffs argue that an exception should be made because the *Canas* verdict was not issued until August 5, 2019, and they filed their motion the very next day. However, most of

Plaintiff's arguments have little to do with *Canas*, including the argument that the Court failed to make a finding as to whether a reasonable jury could find that the advertisements were likely to cause consumer confusion and the argument in favor of reconsidering the strength of the mark and actual confusion factors. These arguments must therefore be dismissed as untimely.[2]

To the extent *Canas* is at issue, it provides no basis for reconsideration. First, it was issued after the Court's July 2019 Order, meaning that it was not data that the Court overlooked or newly discovered evidence that existed at the time of the decision. Moreover, the *Canas* case can easily be distinguished from this one. Though Plaintiffs urge that both cases are factually similar, by Plaintiffs' own admission, their evidentiary backgrounds differ in at least one key respect. While Plaintiffs in this case did not see fit to provide the Court with evidence of actual confusion, such information was provided to the jury in *Canas*. Doc. 127 at 9–10. For whatever reason, Plaintiffs in this case specifically declined to rely on expert evidence of actual confusion for purposes of summary judgment. *See* Doc. 106 at 9–11; Doc 118 at 14–15. Plaintiffs cannot now, at the eleventh hour, argue that such evidence should be "re-evaluated" on reconsideration. Doc. 127 at 10. "[M]otions for reconsiderations are narrowly construed in order 'to ensure the

---

[2] These arguments are also substantively without merit. First, the Court engaged in a lengthy evaluation of consumer confusion. *See Gibson*, 391 F. Supp. 3d at 245–49. In so doing, it made specific findings as to each of the six factors that courts in this Circuit consider relevant for false endorsement claims and found that four of the six factors weighed in Defendants' favor. *Id*. Specifically, Plaintiffs failed to provide "any survey that directly shows general consumer recognition or specific recognition by Defendants' customers." *Id.* at 246. Likewise, they provided "no evidence of consumer confusion in the form of either actual confusion or expert testimony about a survey of customers." *Id.* at 247. Neither did they "point[] to any evidence that Defendants were constructively aware of Plaintiffs' celebrity or reputation before the pictures were posted on their social media sites." *Id.* at 248. As such, there was "no genuine dispute as to any material fact" with regard to these factors. *Id.* at 243. Second, as to Plaintiffs' request that the Court reconsider its evaluation of the "strength of mark" and "actual confusion" factors, none of these arguments are new; nor do they point out changes in controlling law or other factors that would warrant reconsideration. A motion for reconsideration is not "a substitute for appeal," *Boart Longyear Ltd. v. All. Indus., Inc.*, 869 F. Supp. 2d 407, 418 (S.D.N.Y. 2012), nor is it a vehicle for a party dissatisfied with the Court's ruling to voice its disagreement with the decision. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 512–13 (S.D.N.Y. 2009). "Courts have repeatedly been forced to warn litigants that such motions should not be made reflexively to reargue those issues already considered when a party does not like the way the original motion was resolved." *Boart Longyear Ltd.*, 869 F. Supp. 2d at 418 (internal quotation marks and citation omitted). This is exactly what Plaintiffs are attempting to do here.

5

finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *Mourabit v. Klein*, No. 18 Civ. 8313 (AT), 2019 WL 4392535, at *2 (S.D.N.Y. Sept. 13, 2019) (quoting *Henderson v. Metro. Bank & Tr. Co.*, 502 F. Supp. 2d 372, 376 (S.D.N.Y. 2007)).

### III. CONCLUSION

For these reasons, the Court finds that the *Canas* jury verdict does not require reconsideration of the July 2019 Order. Plaintiffs' motion for reconsideration is DENIED. The Clerk of Court is respectfully directed to terminate the motion, Doc. 126.

SO ORDERED.

Dated: October 11, 2019
New York, New York

Edgardo Ramos, U.S.D.J.